Lindsey RHEAUME, Robert Kjenstad, and William F. Saefke, Plaintiffs and Appellees,

v.

The STATE of North Dakota, North Dakota State Board of Higher Education, and Robert O. Wefald, Attorney General of the State of North Dakota, Defendants and Appellants.

Civ. No. 10415.

Supreme Court of North Dakota.

Oct. 12, 1983.

03, NDCC.

Frederick E. Saefke, Jr., Bismarck, argued, for plaintiffs and appellees.

Rick D. Johnson, Asst. Atty. Gen., State Bd. of Higher Educ., Bismarck, argued, for defendants and appellants. Appearance by Boyd A. Wright, Grand Forks.

ERICKSTAD, Chief Justice.

The plaintiffs, Lindsey Rheaume, Robert Kjenstad, and William F. Saefke (the Students) filed a declaratory judgment action requesting the District Court of Burleigh County to construe, as it relates to them, Section 15–10–18.3, N.D.C.C., which provides in relevant part:

"*15–10–18.3. Free tuition in North Dakota institutions of higher education.* Any dependent, as defined in section 15–10–18.2 upon being duly accepted for enrollment into any North Dakota state-supported institution of higher education or state-supported technical or vocational school, shall be allowed to obtain a bachelor's degree, or certificate of completion, for so long as he is eligible, free of any tuition and fee charges, except those charged to retire outstanding bonds; . . ."

The district court entered a judgment on January 5, 1983, construing the provision as unambiguously including flight instruction costs as "fee charges," and from that construction of the statute the defendants (the state), filed this appeal. We affirm.

The parties have stipulated that the Students are qualified dependents of resident veterans for purposes of applying the foregoing section and that the Students are enrolled in the Department of Aviation at the University of North Dakota pursuing Bachelor of Science degrees. To earn a bachelor's degree with an aviation major, the Students are required to obtain certain flying licenses by attending various flight courses, as a part of their required curriculum, including flight instruction laboratories. A student who enrolls in a flight laboratory is assigned several designated slots each week to receive flight instruction at the airport from University instructors in University-owned or leased airplanes. At the end of each flight instruction, the Student receives an invoice showing the cost of the instruction which is based upon an hourly rate for both the instructor and

the airplane. At the end of each month, the Student is billed by the University for that month's total flight instruction costs.

Between January, 1981, and June, 1982, flight instruction charges were waived by the University as fee charges under Section 15–10–18.3, N.D.C.C., pursuant to an interpretation of that statute by Kent Alm who at that time was the Commissioner of Higher Education in North Dakota. During June, 1982, the attorney general's office issued an opinion stating that flight instruction costs were not to be waived as fee charges under Section 15–10–18.3, N.D.C.C., and, thereafter, those charges have not been waived by the University. The Students then filed this declaratory judgment action requesting the district court to construe Section 15–10–18.3, N.D.C.C.

██ The primary objective of statutory construction is to ascertain the intent of the legislature. *Rothe v. S-N-Go Stores, Inc.,* 308 N.W.2d 872 (N.D.1981). Every word used in a statute is to be given its plain, ordinary and commonly understood meaning within the context of which it is used. Section 1–02–02, N.D.C.C.; *Morton County v. Henke,* 308 N.W.2d 372 (N.D.1981). When the wording of a statute is unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit because the legislative intent is presumed clear from the face of the statute. Section 1–02–05, N.D.C.C.; *Hall GMC, Inc. v. Crane Carrier Company,* 332 N.W.2d 54 (N.D.1983).

██ Webster's Third New International Dictionary defines the term "fee" in relevant part as follows:

"fee ... 3b: a charge fixed by law or by an institution (as a university) for certain privileges or services (a license [fee]) (a toll-road [fee]) (a college-admission [fee]) (research [fee]s) (laboratory [fee]s) (tuition [fee]s). ..."

Thus, the ordinary meaning of "fee" as one might interpret that term in the context of the phrase "any tuition and fee charges" is a charge fixed by a university for certain privileges or services including laboratory charges. In the context of the case before us, we conclude, as did the district court, that the term "any ... fee charges" under Section 15–10–18.3, N.D.C.C., is unambiguous and includes the flight instruction costs levied against the plaintiff Students while taking flight laboratory courses as part of the curriculum required for securing bachelor degrees in the Department of Aviation at the University of North Dakota.

██ If the legislature intended to exclude this type of laboratory charge or fee, it could have expressly exempted coverage under the statute as it did in the case of fee charges "to retire outstanding bonds." The legislature's express exclusion of one type of fee charge is indicative of its intent not to exclude others which have not been expressly exempted. *See,* Sutherland Statutory Construction, § 47.23 (4th ed. 1973).

In accordance with this opinion, the declaratory judgment of the district court is hereby affirmed.

SAND and PEDERSON, JJ., WM. L. PAULSON,* Surrogate Judge, and NORMAN J. BACKES, District Judge, concur.

BACKES, District Judge, sitting in place of VANDE WALLE, J., disqualified.

---

* Justice WM. L. PAULSON served as a Surrogate Judge for this case pursuant to Section

27–17–03, N.D.C.C.