**STATE of North Dakota, Plaintiff, Appellee and Cross-Appellant,**

v.

**Lorrie COUTTS, Defendant, Appellant and Cross-Appellee.**

**Cr. No. 1028.**

Supreme Court of North Dakota.

March 13, 1985.

Bruce Montgomery [argued], of Teevens, Johnson, Montgomery, Minot, for defendant, appellant and cross-appellee.

Tom P. Slorby, John P. Van Grinsven III [argued], State's Atty. and Asst. State's Atty., Minot, for plaintiff, appellee and cross-appellant.

GIERKE, Justice.

This is a consolidated appeal by both the defendant, Lorrie Coutts, and the Ward County State's Attorney from an order issued by the District Court of Ward County,[1] which suspended imposition of the judgment and sentence against Coutts for the common law crime of conspiracy to commit an unlawful act under Chapter 19–03.1, the Uniform Controlled Substances Act, of the North Dakota Century Code. We affirm defendant's conspiracy conviction, but for the reasons stated in this opinion and not on the ground relied upon by the district court.

The parties have stipulated to the following facts of the case:

Defendant Coutts agreed with Jeffrey Steele, a law enforcement undercover agent, to attempt to obtain a controlled substance—marijuana. Steele negotiated with Coutts for the purchase of a quarter of a pound of marijuana for

---

1. It is within the province of this court to address whether or not an appeal is properly before us even if neither party objects to the other's right to appeal. *State v. Lawson,* 321 N.W.2d 514, 515 (N.D.1982). The question of appealability surfaces in the instant case because defendant appeals from an order suspending imposition of judgment and sentence. We have held that such an order is not appealable. *State v. Carroll,* 123 N.W.2d 659, 663 (N.D.1963). Subsequent to *Carroll, supra,* the Legislature enacted § 12–53–20, N.D.C.C., which provides:

"*12–53–20, Appeals not precluded.*—Nothing in this chapter shall be construed as precluding the defendant in a criminal action from appealing to the supreme court under the provisions of chapter 29–28."

Chapter 12–53, N.D.C.C., deals with suspended sentences and the suspension of the imposition of sentences. Further, this court has held, subsequent to the decision in *Carroll, supra,* that such an order is *reviewable* upon appeal from a verdict or judgment. *State v. Kottenbroch,* 319 N.W.2d 465, 471 (N.D.1982). Therefore, because defendant also appeals from the court's verdict, we are permitted to review the order suspending imposition of judgment and sentence, pursuant to *Kottenbroch.*

$450. At no time was Coutts aware that Steele was an undercover agent.

Coutts contacted Dawn Wald and requested that Wald obtain marijuana for Coutts with the idea that the marijuana would be delivered to Steele. Wald agreed with Coutts to get the marijuana, and specific arrangements were made for the delivery of the marijuana for a stated price on August 11, 1983.

Coutts advised Steele that the arrangements had been made for the delivery, and Coutts accompanied Steele to Wald's residence to get the marijuana. When the two arrived at Wald's residence, Coutts obtained the purchase money from Steele and offered it to Wald in exchange for the marijuana. At that time Wald refused to deliver the marijuana to Coutts because she believed that the person the marijuana was ultimately intended for, Jeffrey Steele, was a law enforcement agent. No delivery was actually made.

Approximately three and a half hours after this offer was made, a search was conducted of Wald's residence pursuant to a warrant, at which time about a quarter of a pound of marijuana was discovered.

Coutts was charged with criminal conspiracy. She entered a plea of not guilty and thereafter brought a motion for dismissal of the conspiracy charge. Defendant waived her right to a jury trial and stipulated that the matter could be tried to the court in the event that the court denied her motion of dismissal. Coutts further agreed that the court could try the matter on the facts as stipulated to by the parties. At a hearing conducted on her motion, the court determined that the North Dakota conspiracy statute does not apply to the drug delivery and possession crimes set forth in Chapter 19–03.1, N.D.C.C. The court held that the proper charge against the defendant is common law conspiracy and found her guilty of that offense. The court entered an order suspending imposition of the judgment and sentence. The defendant appeals from the guilty verdict and also from the court's order.

Defendant Coutts asserts that the district court should have dismissed the State's information after concluding that the statutory crime of conspiracy does not apply to the Uniform Controlled Substances Act. Coutts asserts further that the district court erred in convicting her of the common law crime of conspiracy. The State cross appeals, contending that the conspiracy statute does apply to the Uniform Controlled Substances Act and that the court should have convicted Coutts of statutory conspiracy to deliver a controlled substance. A stipulation was executed between the parties which consolidated their appeals.

The dispositive question is as follows: DOES THE NORTH DAKOTA CRIMINAL CONSPIRACY STATUTE APPLY TO THE UNIFORM CONTROLLED SUBSTANCES ACT (CHAPTER 19–03.1, N.D.C.C.)?

The above question is one of first impression before this court. In holding that the conspiracy statute does not apply to the Uniform Controlled Substances Act, the district court relied on this court's prior decision in City of *Dickinson v. Mueller,* 261 N.W.2d 787 (N.D.1977). The issue in *Mueller* was whether or not knowledge of a person's age by a seller is an essential element of the offense of selling an alcoholic beverage to a person under the age of 21 pursuant to § 5–02–06, N.D.C.C. In *Mueller, supra,* the defendant argued that the willfulness requirement of § 12.1–02–02(2), N.D.C.C., should have been read into § 5–02–06, N.D.C.C., because that section contains no culpability requirement. This court was guided in the *Mueller* case by the introductory language of § 12.1–02–02(1), N.D.C.C., which reads: "1. For the purposes of this title, ...". This court held that the culpability requirement of § 12.1–02–02(2), N.D.C.C., applies only to the offenses or crimes described in Title 12.1, N.D.C.C., and, therefore, does not apply to § 5–02–06, N.D.C.C. *Mueller, supra.*

The question presented in the instant case, however, is whether or not the con-

spiracy provisions contained in §§ 12.1–06–04 and 12.1–06–05, N.D.C.C., apply to the Uniform Controlled Substances Act, *i.e.*, Chapter 19–03.1, N.D.C.C. Sections 12.1–06–04 and 12.1–06–05, N.D.C.C., contain no limiting language, and read, in pertinent part, as follows:

"*12.1–06–04. Criminal conspiracy.* —1. A person commits conspiracy if he agrees with one or more persons to engage in or cause conduct which, in fact, constitutes an offense or offenses, and any one or more of such persons does an overt act to effect an objective of the conspiracy. The agreement need not be explicit, but may be implicit in the fact of collaboration or existence of other circumstances.

"2. If a person knows or could expect that one with whom he agrees has agreed or will agree with another to effect the same objective, he shall be deemed to have agreed with the other, whether or not he knows the other's identity.

"3. A conspiracy shall be deemed to continue until its objectives are accomplished, frustrated, or abandoned. "Objectives" includes escape from the scene of the crime, distribution of booty, and measures, other than silence, for concealing the crime or obstructing justice in relation to it. A conspiracy shall be deemed abandoned if no overt act to effect its objectives has been committed by any conspirator during the applicable period of limitations.

"4. It is no defense to a prosecution under this section that the person with whom such person is alleged to have conspired has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense, is immune from prosecution, or is otherwise not subject to justice.

"5. Accomplice liability for offenses committed in furtherance of the conspiracy is to be determined as provided in section 12.1–03–01.

"6. Conspiracy is an offense of the same class as the crime which was the objective of the conspiracy.

"*12.1–06–05. General provisions.*—1. The definition of an offense in sections 12.1–06–01 to 12.1–06–04 shall not apply to another offense also defined in sections 12.1–06–01 to 12.1–06–04.

"2. Whenever 'attempt' or 'conspiracy' is made an offense outside this chapter, it shall mean attempt or conspiracy, as the case may be, as defined in this chapter.

. . . . "

■ In resolving the issue presented we must construe several sections of the North Dakota Century Code. Section 12.1–06–04 requires two elements for the commission of conspiracy: (1) an agreement to engage in conduct which constitutes an offense, and (2) an overt act. "Offense" is defined in § 12.1–01–04(20), N.D.C.C., as follows:

". . . conduct for which a term of imprisonment or a fine is authorized by statute after conviction."

It is evident that the delivery of a controlled substance constitutes an "offense" as defined in § 12.1–01–04(20), N.D.C.C.

■ As previously set forth, § 12.1–06–05(2), N.D.C.C., provides that whenever attempt or conspiracy is made an offense *outside this chapter* (meaning outside Chapter 12.1–06, N.D.C.C.), it shall mean conspiracy as defined in this chapter. A reasonable interpretation of the drafters' intent is that they anticipated that the offense of conspiracy could be codified anywhere in the North Dakota Century Code.

Defendant argues that, in order for attempt or conspiracy to apply to an offense outside Chapter 12.1–06, N.D.C.C., attempt or conspiracy must be listed as applicable to that particular offense. This rationale is a tenuous one in that none of the chapters contained in Title 12.1, N.D.C.C., specify that the attempt or conspiracy provisions are applicable to the offenses enumerated therein. Yet defendants are routinely charged and convicted of conspiracy to commit any number of offenses prohibited by Title 12.1. Although this court has recently upheld a conviction for conspiracy to

deliver a controlled substance, the applicability of the conspiracy statute to the Uniform Controlled Substances Act was not directly addressed. *State v. Lind,* 322 N.W.2d 826, 848 (N.D.1982).

An examination of the way in which other States treat this issue is not particularly helpful because the statutory schemes vary so widely. It is of some assistance to note, however, that most, if not all, States do provide in some manner for prosecution of conspiracy to deliver a controlled substance. Wis.Stat. §§ 939.31 and 161.41; Neb.Rev.Stat. §§ 28–202 and 28–401; Mich. Comp.Laws §§ 333.7401 and 750.157a; Iowa Code § 204.401(1). It is therefore unlikely that our Legislature purposely intended to prohibit prosecution of conspiracy to deliver a controlled substance.

■ The primary objective of statutory construction is to ascertain legislative intent. *Rheaume v. State,* 339 N.W.2d 90, 92 (N.D.1983); *State v. Novak,* 338 N.W.2d 637, 639 (N.D.1983). A North Dakota statute has proscribed conspiracy since 1960. At that time Chapter 12–03, N.D.C.C., prohibited conspiracy to commit a "crime". Chapter 12–03 was repealed and the present prohibition against conspiracy to commit an "offense or offenses" was taken from the Proposed Federal Criminal Code, became a part of our Code in 1973, and was effective on July 1, 1975.

If we were to adopt defendant's argument that the conspiracy statute applies only to offenses described in Title 12.1, N.D.C.C., such a construction might lead to ludicrous results. *See Skoog v. City of Grand Forks,* 301 N.W.2d 404, 407 (N.D. 1981). Under defendant's interpretation, a defendant could be prosecuted for conspiracy to deliver drug paraphernalia but could not be prosecuted for conspiracy to deliver a controlled substance, simply because the prohibition against delivery of a controlled substance is codified outside of Title 12.1, N.D.C.C.

■ Logic requires us to conclude that the Legislature did not intend to prohibit the statutory prosecution of conspiracy to deliver a controlled substance. Therefore, we hold that the conspiracy provisions of §§ 12.1–06–04 and 12.1–06–05 apply to the Uniform Controlled Substances Act, Chapter 19–03.1, N.D.C.C. In so holding, we do not overrule our decision in *Mueller, supra,* but conclude that the holding in *Mueller* is inapplicable to the facts presented in the instant case.

■ The district court erred in its determination that the conspiracy provision is inapplicable to the Uniform Controlled Substances Act. The district court erred further by applying the common law crime of conspiracy to the facts of the instant case. Where a statute controls, we do not consider the common law. § 1–01–06, N.D. C.C.; *State v. Woodworth,* 234 N.W.2d 243, 247 (N.D.1975); *In re Estate of Jensen,* 162 N.W.2d 861, 878 (N.D.1968).

■ The district court was correct, however, in determining that, based on the stipulated facts alone: (1) Coutts agreed to engage in conduct which constitutes an offense, *i.e.,* the delivery of a controlled substance, and (2) she performed an overt act in furtherance of that agreement. Coutts's conduct thus satisfies the elements of criminal conspiracy under § 12.1–06–04(1), N.D. C.C., which statute we deem applies in this case. We note that the elements of common law conspiracy are identical to the elements of the statutory crime of conspiracy. It would serve no purpose to remand this cause because the stipulated facts provide the necessary evidence to convict Coutts under the conspiracy provisions. Therefore, we affirm Coutts's conviction of criminal conspiracy on the basis that her conduct, which was stipulated to by the parties, violates the statutory prohibition against conspiracy.

ERICKSTAD, C.J., VANDE WALLE, J., and PEDERSON, Surrogate Justice, concur.

Surrogate Justice PEDERSON participated in this case by assignment pursuant to § 27–17–03, N.D.C.C.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.