Clarence HAGGARD, Plaintiff
and Appellant,

v.

Ben MEIER, North Dakota Secretary of
State; Kent Conrad, Candidate for
North Dakota Tax Commissioner;
Scott Hove, Candidate for North Dako-
ta Tax Commissioner; North Dakota
Democratic Party, a political organiza-
tion; and North Dakota Republican
Party, a political organization, Defend-
ants and Appellees.

Civ. No. 10850.

Supreme Court of North Dakota.

May 22, 1985.

Phillip J. Brown (argued), Bismarck, for
plaintiff and appellant.

Terry Adkins (appearance), Asst. Atty. Gen., and Craig E. Sinclair (appearance), Asst. Atty. Gen., Bismarck, for defendant and appellee Ben Meier.

Kenneth M. Jakes (argued), Bismarck, for defendant and appellee Kent Conrad.

Harold L. Anderson (appearance), and David E. Reich (appearance) of Pearce, Anderson & Durick, Bismarck, for defendants and appellees Democratic Party and Republican Party.

VANDE WALLE, Justice.

The appellant, Clarence Haggard, was an aspirant in the June 1984 primary election for nomination as a candidate to the no-party office of State Tax Commissioner. Haggard's opponents, Kent Conrad and Scott Hove, were nominated in the primary election as candidates for the office in the general election on November 6, 1984. In that election, Conrad was elected State Tax Commissioner, and he currently holds that office.

On July 19, 1984, following the primary election, Haggard filed an action seeking a declaratory judgment and injunctive relief in which he asserted that Conrad, Hove, and the North Dakota Republican and Democratic parties violated certain provisions of North Dakota law governing the election of officers on the no-party ballot. Haggard asserted that those provisions were violated when Conrad and Hove sought, and the political parties adopted, resolutions or endorsements of support and provided other forms of support for the candidates. The district court entered a summary judgment dismissing Haggard's action on the ground that the activities of Conrad, Hove, and the political parties did not violate the no-party laws of this State. We affirm.

On appeal, Haggard asserts that the district court erred in its determination that the activities of Conrad, Hove, and the political parties did not violate the following no-party laws, which provide in relevant part:

"... The tax commissioner shall be elected on a no-party ballot and he shall be nominated and elected in the manner now provided for the nomination and election of the superintendent of public instruction...." Art. V, Sec. 12, N.D. Const.

"16.1–11–08. *Reference to party affiliation in petition and affidavit prohibited for certain offices.* No reference shall be made to a party ballot or to the party affiliation of a candidate in a petition and affidavit filed by or on behalf of a candidate for nomination in the primary election to an elective county office, the office of judge of the supreme court, judge of the district court, commissioner of labor, superintendent of public instruction, or tax commissioner."

"16.1–11–37. *Vote required for nomination on no-party ballot—Partisan nominations prohibited.* The number of persons to be nominated as candidates for any one no-party office shall be that number of persons who receive the highest number of votes and who total twice the number of available positions for the office, if that many persons are candidates for nomination. Provided, however, that no person shall be deemed nominated as a candidate for any no-party office at any primary election unless the number of votes received by him equals the number of signatures required to be obtained on a petition to have a candidate's name for the office placed on the primary ballot. No partisan nominations shall be made for any of the offices mentioned in section 16.1–11–08."

Article V, Sec. 12, N.D. Const., provides that the Tax Commissioner shall be elected on a no-party ballot. It is undisputed that the 1984 primary and general election ballots prepared by the Secretary of State for the office of State Tax Commissioner were designated "no-party" ballot and that the candidates' names were placed on the ballots without any indication of or reference to party affiliation.

Section 16.1–11–08, N.D.C.C., provides that a petition and affidavit filed by a can-

didate for the office of State Tax Commissioner shall contain no reference "to a party ballot or to the party affiliation of a candidate." It is undisputed that the nomination petitions and affidavits filed by Conrad and Hove contained no reference to a party ballot or to the candidates' party affiliation.

Section 16.1–11–37, N.D.C.C., provides that "no partisan nominations" shall be made for the office of State Tax Commissioner. Haggard asserts that the resolutions of support adopted by the respective political parties for Conrad and Hove constituted party endorsements for the office in violation of this provision. Haggard thus reasons that a "resolution of support" is a "party endorsement" which is the same as a "partisan nomination" within the meaning of the above-cited statutes. We disagree.

A candidate for a State office can have his name placed on the ballot for nomination in the primary election by one of two methods: (1) a certificate of endorsement signed by the State chairman of a legally recognized political party, or (2) a petition signed by a requisite number of qualified electors. Section 16.1–11–06, N.D.C.C. However, under our current law, a candidate for nomination to a no-party office such as that of State Tax Commissioner can have his name placed on the ballot only by the second method of filing a petition with the requisite number of signatures, because Section 16.1–11–37, N.D.C.C., prohibits "partisan nominations" for those offices. Consequently, a person who desires to have his name placed on the primary ballot for nomination to the office of State Tax Commissioner cannot do so by presenting to the Secretary of State a certificate of endorsement by a recognized political party. With regard to no-party offices such a certificate of endorsement has no validity

and is of no effect in having a candidate's name placed on the ballot.

It is not disputed in this case that candidates Conrad and Hove had their names placed on the ballot for nomination to the office of State Tax Commissioner by properly presenting to the Secretary of State petitions with the requisite number of signatures by qualified electors. They did not become candidates for nomination to that office by presenting, or attempting to present, to the Secretary of State a certificate of endorsement by a recognized political party.

■ When the wording of a statute is unambiguous, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Section 1–02–05, N.D.C.C. Where constitutional and statutory provisions are clear and unambiguous, it is improper for the courts to attempt to construe the provisions so as to legislate additional requirements or proscriptions which the words of the provisions do not themselves provide. See *Rheaume v. State*, 339 N.W.2d 90 (N.D.1983); *Hall GMC, Inc. v. Crane Carrier Co.*, 332 N.W.2d 54 (N.D. 1983).

■ We conclude that the no-party provisions of North Dakota law to which Haggard has referred are clear and unambiguous in what they require and in what they prohibit. Those provisions require no-party candidates to have their names placed on the ballot through the petition process and not by partisan nominations through the use of political party certificates of endorsement. Those provisions prohibit reference to party affiliation on no-party ballots, nomination petitions, or affidavits. They do not, however, attempt to proscribe the activities of no-party candidates in seeking, or of political parties in providing, resolutions or other forms of support.[1] We conclude, therefore, as did

---

1. None of the parties discussed the statements contained in the special concurrence in *Snortland v. Crawford*, 306 N.W.2d 614, 628 (N.D. 1981). Because the statements were dicta they do not, of course, govern our disposition of this matter.

We further note that these statutory provisions involving the no-party ballot apply to certain other offices, including judicial offices. Insofar as judicial offices are concerned, candidates for those offices are obliged to comply with the Rules of Judicial Conduct adopted by

the district court, that the activities of the defendant candidates and political parties did not violate the no-party laws of this State.

Our conclusion in this case is supported by the Minnesota Supreme Court's decision in *Moon v. Halverson*, 206 Minn. 331, 288 N.W. 579 (1939), in which that court was asked to resolve this issue under similar statutory provisions. The Minnesota non-partisan election laws provided that candidates for nomination to a no-party office were to be placed on a ballot designated as a "non-partisan primary ballot," that no party designation could be placed on the ballot, and that no candidate filing for nomination on the non-partisan primary ballot would be "permitted or required to State his party affiliation." In determining that those provisions did not prohibit party endorsements or support of non-partisan candidates, the Minnesota Supreme Court stated the following reasoning with which we agree and which is, we believe, applicable to this case:

> "We find nothing in the statute which prohibits, under threat of forfeiture, a candidate for a non-partisan office obtaining a party indorsement or supporting other candidates of a particular party. In our democratic system of government, absent constitutional statutory provisions to the contrary, there is nothing wrong in groups or political parties doing their utmost *within the scope of propriety* to advance the candidacy of an individual satisfactory to them. The candidate for the non-partisan office is not thereby rendered a party candidate. Rather he is an individual supported by a party and free to encourage support from other sources, political and non-political.
>
> "If the legislature intended to accomplish more extensive objectives than the statute before us does, adequate legislation could easily have been enacted." [Emphasis in original.] 288 N.W. at 581.

this court. See particularly Rule 7 requiring candidates for judicial office to refrain from

Having construed the facts in a light most favorable to Haggard, the party against whom summary judgment of dismissal was sought in this case, we conclude that the activities of the defendant candidates and political parties did not violate the no-party laws of this State under Art. V, Sec. 12, N.D. Const., Section 16.1–11–08, N.D.C.C., or Section 16.1–11–37, N.D.C.C., and that the district court did not err in entering a summary judgment of dismissal.

In view of our determination that the alleged activities of the defendant candidates and political parties did not violate North Dakota law, we conclude that it is unnecessary to discuss or resolve other issues raised by the defendant parties on appeal.

Affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

political activity inappropriate to the judicial office.