James L. HAIDER, Plaintiff
and Appellee,

v.

James P. MONTGOMERY and Joseph
M. Hegstad, Defendants and
Appellants.

Civ. No. 870202.

Supreme Court of North Dakota.

May 16, 1988.

Pringle & Herigstad, P.C., Minot, for plaintiff and appellee; argued by John J. Petrik.

Bosard, McCutcheon & Rau, Ltd., Minot, for defendants and appellants; argued by Robert S. Rau. Appearance by Hugh McCutcheon.

ERICKSTAD, Chief Justice.

The defendants, James P. Montgomery and Joseph M. Hegstad, have appealed from a judgment enforcing against them a promissory note held by the plaintiff, James L. Haider. We affirm in part, reverse in part, and remand for modification of the judgment in accordance with this opinion.

In 1980, Montgomery, Hegstad, Haider, and Rodney Lee formed a closely held corporation known as Western Investors, Inc., to own and operate the Wild Pitch Lounge in Minot. Haider was hired by the corporation to manage the lounge.

The business venture did not prosper, and the shareholders decided to replace Haider with a new manager. On July 15, 1983, Haider entered into an agreement with the remaining shareholders to sell his interest in the corporation for $20,000. In connection with this agreement the shareholders executed a promissory note in favor of Haider under which the $20,000 was made payable at the end of three years together with interest "at the rate of twelve percent (12%) per annum, compounded annually."

When the note became due and was unpaid Haider filed this action to collect on it. The trial court held that the note was enforceable and judgment was entered in favor of Haider for $29,736.75 together with post judgment interest and costs. From that judgment the defendants have filed this appeal.

The defendants assert that the usury provisions of Section 47–14–09, N.D.C.C., were violated because interest was compounded under the promissory note. The defendants contend that, under Section 47–

14–10, N.D.C.C., Haider has thereby forfeited all of the interest and 25% of the principal owed under the note.

The two applicable statutory provisions provide in relevant part:

"*47–14–09.  Usury — Definition — Maximum contract rate—Prohibition....*  [N]o person, ..., shall take or receive, or agree to take or receive, ..., any greater sum or greater value for the loan or forbearance of money, goods, or things in action than five and one-half percent per annum higher than the current cost of money as reflected by the average rate of interest payable on United States treasury bills maturing in six months in effect for North Dakota for the six months immediately prior to the month in which the transaction occurs, ..., *and in the computation of interest the same shall not be compounded;* ..." [Emphasis added.]

"*47–14–10.  Civil liability for usury —Forfeiture of interest.*—The taking, receiving, reserving, or charging of a rate of interest greater than is allowed by the laws of this state relative to usury shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it or which has been agreed to be paid thereon, and in addition thereto, a forfeiture of twenty-five percent of the principal thereof."

█ Relevant to the issue presented on this appeal we believe the foregoing provisions are clear and unambiguous. When a statute is clear and unambiguous it is improper for the courts to attempt to construe the provision so as to legislate that which the words of the statute do not themselves provide.  *Haggard v. Meier,* 368 N.W.2d 539 (N.D.1985).  The letter of a clear and unambiguous statute cannot be disregarded under the pretext of pursuing its spirit, because the legislative intent is presumed clear from the face of the statute.  *Wills v. Schroeder Aviation, Inc.,* 390 N.W.2d 544 (N.D.1986); *see also* Section 1–02–05, N.D.C.C.

█ Section 47–14–09, N.D.C.C., clearly prohibits the compounding of interest on applicable transactions.  As a consequence, the compounded interest is unenforceable and cannot be collected by action in the courts.

█ The defendants, however, seek the remedy provided under Section 47–14–10, N.D.C.C., of forfeiture of all interest and 25% of the principal.  We conclude that this remedy does not apply under the circumstances of this case.  The forfeiture remedy is applicable when the rate of interest charged or received exceeds the maximum rate which is allowed by the laws of this state.  The trial court concluded, and we find no error in its determination, that the maximum allowable rate of interest for this transaction was 13.854%.  The trial court further determined that under the promissory note the 12% rate of interest compounded annually over a three year period resulted in an effective simple interest rate of 13.497%.  Consequently, the interest charged under the promissory note did not exceed the maximum rate allowable, and the forfeiture remedy under Section 47–14–10, N.D.C.C., does not apply.

The defendants have raised other issues, asserting that the plaintiff should be estopped from enforcing this action and that the action has been barred by the principles of res judicata, collateral estoppel, election of remedies, and splitting a cause of action.  We conclude, as did the trial court, that these issues are entirely without merit.

In accordance with this opinion, we affirm that part of the judgment finding the promissory note to be enforceable, we reverse that part of the judgment which permits Haider to collect the compounded interest amount, and we remand for entry of a modified judgment disallowing the compounded interest (i.e. the amount of interest which exceeds the simple 12% rate of interest under the promissory note).

GIERKE and LEVINE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.

VANDE WALLE, Justice, concurring specially.

I concur in the majority opinion.  I was concerned that another rule of statutory

construction, not cited in that opinion, may be applicable, i.e., we will construe statutes to avoid an absurd and ludicrous result. E.g., *Larson v. Wells County Water Resource Bd.*, 385 N.W.2d 480 (N.D.1986). Although it may seem absurd to prohibit the compounding of interest when that compounding does not result in a rate in excess of that prohibited by the usury statutes, there apparently are some instances in which the courts, as a matter of public policy, have determined compounding of interest is invalid. 45 Am.Jur.2d 70, *Interest and Usury*, Sec. 77; 37 A.L.R. 325, 327. There may be reasons other than the amount of interest charged which would cause the Legislature to prohibit compounding of interest, such as clearly identifying for the borrower the amount of interest required to be paid under the agreement. The result reached by the majority opinion is therefore not an absurd result.

LEVINE, J., concurs.