1999 ND 53

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Paul D. VAN BEEK, Defendant and Appellant.**

**Criminal No. 980159.**

Supreme Court of North Dakota.

March 19, 1999.

Ralph A. Vinje, of Vinje Law Firm, Bismarck, N.D., for defendant and appellant.

Bruce A. Romanick, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

MARING, Justice.

[¶ 1] Paul Van Beek appeals from an order deferring imposition of sentence for the crimes of possessing marijuana and a controlled substance. Van Beek argues the district court erred in denying his motion to suppress. We affirm.

## I

[¶ 2] On March 7, 1997, Officer Roger Becker, a veteran narcotics investigator of the Bismarck Police Department, applied for a no-knock search warrant to search the premises at 729 North 21st Street in Bismarck. Two hearings were held on the matter, one in the morning and one in the afternoon.

[¶ 3] During the morning hearing, Officer Becker testified he learned in mid-January 1997, from a confidential informant that the occupant of 729 North 21st Street, Kristy Felch, was using and dealing drugs out of the residence. As a follow up to the informant's tip, Becker conducted two garbage searches at the residence on February 27 and March 6, 1997. On both occasions, several discolored aluminum foil strips were found. Samples of the strips were sent to the state drug lab and proven to contain methamphetamine residue. Becker testified the discolored aluminum foil indicated personal use of methamphetamine. The garbage search on March 6 also found syringe casings, further evidence of personal use of methamphetamine.

[¶ 4] When asked why he sought a no-knock warrant, Becker's only explanation was: "Methamphetamine could be easily disposed of, pour[ed] down the sink or a toilet." The magistrate determined there was sufficient probable cause and issued a no-knock search warrant.

[¶ 5] The afternoon hearing was held because Becker received additional information from the informant. During that hearing, Becker requested the scope of the search warrant be extended to a detached garage at the same address. Becker testified he had learned from his informant that afternoon "that drugs are kept in a freezer in the garage . . . and individuals had gone to the garage to brings drugs into the residence." The warrant was amended to include the detached garage at 729 North 21st Street.

[¶ 6] The search warrant was executed shortly after the afternoon hearing. A surveillance team made a no-knock entry by opening an unlocked door in back of the residence. One of the officers testified at the suppression hearing that he entered the basement and found a male sitting by a bed in a bedroom, and a male standing halfway in another doorway in the bedroom. The officer testified the male standing in the doorway backed into the doorway out of sight and did not return until ordered repeatedly. This person was Van Beek, who had in his possession methamphetamine and marijuana. He was subsequently charged with possession of methamphetamine, a Class C felony, and possession of less than one half ounce of marijuana, a Class B misdemeanor.

[¶ 7] In September 1997, Van Beek moved to suppress all evidence obtained from the search, arguing this Court's decision in *State v. Herrick*, 1997 ND 155, 567 N.W.2d 336, invalidated the basis given for the no-knock warrant. The district court denied the mo-

tion. Van Beek conditionally plead guilty under N.D.R.Crim.P. 11(a)(2), preserving the issues argued in his suppression motion for this appeal. The district court entered an order deferring imposition of sentence, and Van Beek timely appealed from that order.

## II

[¶ 8] Before reaching the merits of this appeal, we first address a procedural matter. On May 11, 1998, the same day he entered his conditional guilty plea, Van Beek filed his notice of appeal to this Court. In the notice of appeal Van Beek states he appeals "the judgment of conviction." The order entered by the district court on May 14, 1998, however, was an order deferring imposition of sentence, and in the record on appeal, there is no separate judgment entered, nor is there a separate verdict of guilt submitted by the court.

[¶ 9] Thus, our initial concern is whether we have jurisdiction over an appeal from a "judgment of conviction" where no separate judgment or verdict of guilt was ever entered. Although the issue was not raised by either party, it is within the province of this Court to address whether an appeal is properly before us. *See State v. Klocke,* 419 N.W.2d 918, 919 (N.D.1988) (stating "[t]he right of appeal in this state is governed by statute, and is a jurisdictional matter which we will consider *sua sponte* ").

[¶ 10] N.D.C.C. § 12.1–32–02(4) provides in part: "[a]n order deferring imposition of sentence is reviewable upon appeal from a verdict or judgment." The statute does not allow a direct appeal from the order itself, and neither does our precedent. *See* State v. Himmerick, 499 N.W.2d 568, 570 (N.D.1993) (citing *State v. Kottenbroch,* 319 N.W.2d 465, 471 (N.D.1982); *State v. Coutts,* 364 N.W.2d 88, 89, n. 1 (N.D.1985)). In a more recent case, however, we held an order deferring imposition of sentence, for purposes of appeal, "complies with the requirements of N.D.R.Crim.P. 32(b) for criminal judgments, and therefore serves as the judgment of con-

viction." *See State v. Trosen,* 547 N.W.2d 735, 737 n. 1 (N.D.1996). We similarly conclude the order deferring imposition of sentence entered on May 14, 1998, complies with the requirements of N.D.R.Crim.P. 32(b) for purposes of appeal.[1] Thus, Van Beek's appeal is properly before us.

## III

[¶ 11] We are again faced with the validity of a no-knock search warrant issued at a time when our "prior rhetoric" approved a per-se rule justifying the issuance of no-knock warrants in drug cases.

[¶ 12] In our state, law enforcement may make a no-knock entry provided the issuing magistrate has *probable cause* to believe, if proper notice is given, evidence will be destroyed or the officers will be in danger. *See* N.D.C.C. § 19–03.1–32(3). Van Beek argues the no-knock warrant was issued in violation of N.D.C.C. § 19–03.1–32(3) and the state and federal constitutions. The State argues probable cause existed to issue the no-knock warrant. We, therefore, begin our analysis with the magistrate's determination of probable cause for this no-knock warrant.

[¶ 13] Whether probable cause exists to issue a search warrant is a question of law. *State v. Olson,* 1998 ND 41, ¶ 19, 575 N.W.2d 649. When a trial court reviews a search warrant's validity it must determine whether the information before the magistrate established probable cause as a matter of law. *State v. Hage,* 1997 ND 175, ¶ 10, 568 N.W.2d 741. The task of the issuing magistrate is to make a common sense decision whether, given all the information he or she is provided, there is a fair probability contraband or evidence of a crime will be found in a particular place. *Id.* (citing *State v. Rydberg,* 519 N.W.2d 306, 308 (N.D.1994)). In the case of a no-knock warrant, the magistrate must decide whether there is a fair probability evidence will be destroyed or law enforcement will be in danger by knocking

---

1. We note that our conclusion here is consistent with the recently enacted N.D.R.Crim.P. 32.1, which took effect March 1, 1999. The explanatory note to Rule 32.1 states in part: "An order deferring imposition of sentence is not a judgment. However, for purposes of appeal, an order deferring imposition of sentence is equivalent to a judgment under Rule 32(b), N.D.R.Crim.P."

and announcing their presence. N.D.C.C. § 19–03.1–32(3).

▉▉▉ [¶ 14] On appeal, we review the search warrant independent of the trial court's review, using the "totality-of-the-circumstances" approach. *Hage*, at ¶ 11. We consider all the information before the magistrate together, not in a piecemeal or hypertechnical manner, giving deference to the magistrate's factual findings on probable cause. *Id.* (citing *State v. Birk*, 484 N.W.2d 834, 837 (N.D.1992)). The magistrate's conclusion will not be disturbed if there is a substantial basis for the conclusion that probable cause exists. *Id.* (citing *State v. Frohlich*, 506 N.W.2d 729, 732 (N.D.1993); *State v. Lewis*, 527 N.W.2d 658, 661–62 (N.D. 1995)). Here, the district court concluded "the specific information provided to the magistrate regarding the existence of methamphetamine within the residence and the ease of destructibility of meth" provided sufficient probable cause for a no-knock warrant. We disagree.

▉▉▉ [¶ 15] Prior to our decision in *State v. Herrick*, 1997 ND 155, 567 N.W.2d 336, probable cause to obtain a general search warrant for drugs in a residence effectively supplied the probable cause required under N.D.C.C. § 19–03.1–32(3) for the issuance of a no-knock warrant. *See id.* at ¶ 21 ("our prior rhetoric approve[d] a per-se rule in drug cases justifying the issuance of no-knock warrants"); *State v. Knudson*, 499 N.W.2d 872, 876 (N.D.1993) (applying our per-se rule); *State v. Loucks*, 209 N.W.2d 772, 777–78 (N.D.1973) (adopting a per-se rule which allowed courts to "take judicial notice . . . that drugs may be easily disposed of"). In April 1997, the United States Supreme Court found unconstitutional a similar per-se rule which had been adopted by the Wisconsin Supreme Court. *See Richards v. Wisconsin*, 520 U.S. 385, 117 S.Ct. 1416, 1421, 137 L.Ed.2d 615 (1997) (rejecting Wisconsin's "blanket rule" that when police have a search warrant supported by probable cause to search a residence for evidence of felonious drug delivery, they necessarily have reasonable cause for a no-knock entry). Four months later we similarly overruled our per-se rule. *See Herrick*, 1997 ND 155, ¶ 21,

567 N.W.2d 336 ("Insofar as our prior rhetoric approves a per-se rule in drug cases justifying the issuance of no-knock warrants, they are overruled."). Probable cause for a no-knock warrant, therefore, can no longer be established merely because of the presence of drugs in a suspect's residence. *Id.* ("[m]ere allegations that drugs are present" will no longer "result in the issuance of a no-knock warrant"). Rather, probable cause for a no-knock warrant must be determined based on the facts presented in a particular case.

## A

▉▉▉ [¶ 16] Turning to the facts in this case, Van Beek argues under *Herrick*, 1997 ND 155, 567 N.W.2d 336, the district court was not given enough information to make a probable cause determination for a no-knock warrant. In *Herrick*, law enforcement officers conducted two garbage searches at the defendant's home and found paper clips with marijuana residue, marijuana stems and seeds, and handwritten notes on how to grow marijuana. *Id.* at ¶¶ 2, 3. In the search warrant application, the officer stated she was looking for a "grow operation, not simply for controlled substances reflecting personal use." *Id.* at ¶ 22. When asked why a no-knock warrant was sought, the officer replied, "because [m]arijuana is an easily disposed of item when it's dry, when it's processed. It could easily be flushed down a toilet." *Id.* at ¶ 4 (internal quotes omitted). Although we found probable cause was demonstrated for a general search warrant, we concluded

> the officer offered no reason for the no-knock warrant other than marijuana was easily disposed of and that Herrick would destroy the evidence if forewarned. . . . There is no evidence in this record, other than the possible existence of drugs and an explained belief that Herrick would dispose of the evidence if forewarned, demonstrating why the officers needed a no-knock warrant. It is apparent to us the magistrate [wrongfully applied] a per-se rule[.]

*Id.* at ¶ 23.

[¶ 17] The State attempts to distinguish *Herrick*. Here, the State argues, the magis-

trate was provided specific evidence showing the drug sought was methamphetamine in powdered form, which is more easily disposable than marijuana. In addition, Becker's two garbage searches found discolored aluminum foil indicating powdered or liquid form and personal use, while the statements made by the agent in *Herrick* indicated she did not know whether the marijuana was in plant or harvested form. Finally, unlike the agents in *Herrick* who allegedly were looking for a grow operation, the officer here indicated he sought a warrant for methamphetamine in primarily user amounts.

[¶ 18] Although some particularized facts may have been presented to the magistrate in this case, none of those facts demonstrated any of the suspects' ability to destroy evidence. Officer Becker offered no details showing a fair probability drug evidence would be destroyed without a no-knock warrant.[2] Indeed, Becker's testimony at the afternoon hearing "that drugs are kept in the freezer in the garage," casts more doubt on the proposition the drugs would be destroyed without a no-knock warrant. In our view, the facts before the magistrate presented nothing more than an allegedly small amount of an easily disposable drug was probably located somewhere in the residence.

[¶ 19] Thus, the dispositive issue is whether probable cause that methamphetamine in an easily disposable form is located in a suspect's residence supplies the requisite probable cause to dispense with the constitutional requirement of knocking and announcing under N.D.C.C. § 19–03.1–32(3). Based upon *Richards v. Wisconsin*, 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615, and the record before us, we are not convinced that it does. To decide otherwise would effectively create a per-se rule for easily disposable drugs, and only couch our previously rejected per-se rule in a different guise.

### B

[¶ 20] Recognizing drug investigations nearly always involve both danger to law enforcement and the destruction of evidence,

the issue the *Richards* Court faced was whether this fact alone justified a per-se rule "dispensing with case-by-case evaluation of the manner in which a search was executed." *Richards*, 117 S.Ct. at 1420. The Court reasoned a per-se rule is unconstitutional primarily because such an "exception" to the knock-and-announce requirement "contains considerable overgeneralization." *Id.*, at 1421.

> [W]hile drug investigation frequently does pose special risks to officer safety and the preservation of evidence, not every drug investigation will pose these risks to a substantial degree. For example, a search could be conducted at a time when the only individuals present in a residence have no connection with the drug activity and thus will be unlikely to threaten officers or destroy evidence. Or the police could know that the drugs being searched for were of a type or in a location that made them impossible to destroy quickly. In those situations, the asserted governmental interests in preserving evidence and maintaining safety may not outweigh the individual privacy interests intruded upon by a no-knock entry.

*Id.* (footnote omitted). The Court made clear the neutral scrutiny of a reviewing magistrate cannot be dispensed with merely because drug investigations frequently present circumstances justifying a no-knock entry. *Id.* Rather, it is the duty of a reviewing magistrate to determine "whether the *facts and circumstances of the particular entry* justified dispensing with the knock-and-announce requirement." *Id.* (emphasis added).

[¶ 21] Guided by *Richards*, we conclude probable cause is not established for a no-knock search warrant where the reviewing court is given information indicating nothing more than probable cause an easily disposable drug is located in a suspect's residence. Such an exception to the knock-and-announce requirement would contain "considerable overgeneralization," and would remove the constitutional requirement of a reviewing magistrate determining

---

**2.** There was also no factual support the officers would have been in any danger by knocking and announcing their entry.

"whether the facts and circumstances *of the particular entry* " justify dispensing with the knock-and-announce requirement. *Id.* (emphasis added). To pass constitutional muster, officers must have some particularized basis for their suspicion drugs will be disposed of or destroyed if their presence is announced.[3]

[¶ 22] Contrary to the assertion in the special concurrence, we have not chosen the probable cause showing required for the issuance of a no-knock search warrant, the Legislature has. N.D.C.C. § 19–03.1–32(3). If the Legislature finds the probable cause standard "imperils" drug prosecutions and the safety of law enforcement officers, it is their prerogative to reduce the showing to "reasonable and articulable suspicion." *See Richards v. Wisconsin*, 117 S.Ct. at 1421–22. "The rights we seek to vindicate are not trivial ones," *State v. Stevens*, 213 Wis.2d 324, 570 N.W.2d 593, 598 (App.1997), and "the individual interests implicated by an unannounced, forcible entry should not be unduly minimized." *Richards*, 117 S.Ct. at 1421 n. 5.

[¶ 23] In this case, Officer Becker offered no particularized information to the magistrate demonstrating any of the suspects' ability to dispose of the drugs sought or that the officers would have been in danger if the officers announced their presence. We conclude the search was unreasonable because there was no probable cause under N.D.C.C. § 19–03.1–32(3) for the issuance of the no-knock search warrant.

## IV

■ [¶ 24] Whether the evidence of this unlawful search is excluded depends upon whether we apply the good faith exception to the exclusionary rule.

■ [¶ 25] The federal good faith exception originated from the landmark case *United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The good faith inquiry is "confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* n. 23. An officer may not always reasonably rely on the validity of a search warrant issued by a magistrate, however, and *Leon* identified four exceptions when this is the case. *Id.* at 923, 104 S.Ct. 3405. Under the third exception, which Van Beek argues applies here, the good faith exception will not apply when the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.*

[¶ 26] Recently, the same argument was raised by the defendant, and rejected by us, in *Herrick II*, 1999 ND 1, at ¶ 16, 588 N.W.2d 847. We rejected the argument because prior to *Herrick I*, 1997 ND 155, 567 N.W.2d 336, law enforcement had indicia of probable cause, indicia supplied by our prior cases approving a per-se rule for no-knock warrants in drug cases. *See Herrick II*, at ¶ 20. We accordingly held "under federal precedent, the good-faith exception to the exclusionary rule would in fact apply to a no-knock warrant issued on a per se basis by a judge or magistrate under N.D.C.C. § 19–03.1–32(3)." *Id.* (citing *United States v. Moore*, 956 F.2d 843, 851 (8th Cir.1992)). Similarly here, the good faith exception to the exclusionary rule applies, and the evidence obtained from the illegal search is admissible.[4] *See State v. Hughes*, 1999 ND

3. *Cf. State v. Meyer*, 216 Wis.2d 729, 576 N.W.2d 260, 270 (1998) (rejecting the State's argument an officer's generalized experience discloses that defendants in drug cases will take immediate steps to destroy evidence upon learning of an officer's presence, and thus meets the *Richards* reasonable suspicion standard, because such a rule would be tantamount to the blanket rule struck down in *Richards*); *State v. Stevens*, 213 Wis.2d 324, 570 N.W.2d 593, 596 (App.1997) (same); *United States v. Grogins*, 163 F.3d 795, 799 (4th Cir.1998) (no-knock search valid on grounds of danger to officers, would have also

been valid on destruction of evidence grounds because the court was informed the defendant "instructed his underlings" to keep a bucket of lye near drug stashes "to avoid being caught with narcotics evidence"); *see also* 2 Wayne R. La-Fave, *Search and Seizure*, § 4.8(d), at 615 n. 86 (3rd ed.1996) (citing cases requiring particularized facts relating to the defendant in order to justify a no-knock entry).

4. Van Beek has also claimed a violation of the state constitution, but the extent of his argument is to quote Article I, Section 8, of the North

24, ¶ 8, 589 N.W.2d 912 (applying the good faith exception when a no-knock warrant was issued under N.D.C.C. § 19–03.1–32(3) on a per-se basis prior to *Herrick I* ). The order deferring imposition of sentence entered by the district court is therefore affirmed.

[¶ 27] VANDE WALLE, C.J., and NEUMANN, J., concur.

[¶ 28] The Honorable CAROL RONNING KAPSNER was not a member of the Court when this case was heard and did not participate in this decision.

SANDSTROM, Justice, concurring specially.

[¶ 29] N.D.C.C. § 19–03.1–32(3) provides:

Any officer authorized to execute a search warrant, without notice of the officer's authority and purpose, may break open an outer or inner door or window of a building, or any part of the building, or anything therein, *if the judge or magistrate issuing the warrant has probable cause to believe that if such notice were to be given the property sought in the case may be easily and quickly destroyed or disposed of,* or that danger to the life or limb of the officer or another may result, and has included in the warrant a direction that the officer executing it is not required to give such notice. Any officers acting under such warrant, as soon as practicable after entering the premises, shall identify themselves and state the purpose of entering the premises and the authority for doing so.

(Emphasis added). The majority, at ¶ 19, acknowledges the magistrate had "probable cause that methamphetamine in an easily disposable form is located in a suspect's residence." As the majority notes at ¶ 4, in applying for the search warrant, Officer Becker testified, " 'Methamphetamine could be easily disposed of, pour[ed] down the sink or a toilet.' " The magistrate knew the seizure of the drugs would provide evidence of a felony. Given the choice between easily and

quickly flushing the drugs down the toilet, or being convicted of a felony, a person in the residence would have a great incentive and ability to dispose of the evidence. In strict conformity with the statute, the "magistrate issuing the warrant ha[d] probable cause to believe that if such notice were to be given the property sought in the case may be easily and quickly destroyed or disposed of."

[¶ 30] The magistrate was not applying a per se rule in all drug cases as prohibited in *Richards v. Wisconsin,* 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997), and *State v. Herrick,* 1997 ND 155, 567 N.W.2d 336. The no-knock warrant was based on the easy disposability of the particular drugs there was probable cause to believe were present. Under *Richards,* a no-knock entry is justified when "knocking and announcing [police] presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, *allowing the destruction of evidence." Richards,* at 1421 (emphasis added).

[¶ 31] I would affirm the validity of the no-knock warrant. The majority opinion creates a standard so high for a no-knock warrant, it exceeds anything required by the United States Supreme Court in *Richards* and the plain language of our statute, making it excessively difficult for an officer to justify a no-knock entry. Perhaps the legislature will quickly replace "probable cause" in N.D.C.C. § 19–03.1–32(3) with *Richards'* lesser "reasonable suspicion" standard, before drug prosecutions and the safety of law enforcement officers are unnecessarily imperiled.

[¶ 32] Dale V. Sandstrom

---

Dakota Constitution in his brief. This is insufficient to raise for our consideration a state constitutional issue, and we decline to address it. *See,*

*e.g., State v. Garrett,* 1998 ND 173, ¶ 9 n. 1, 584 N.W.2d 502; *State v. Patzer,* 382 N.W.2d 631, 639 n. 5 (N.D.1986).