1999 ND 24

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kenneth M. HUGHES Defendant and Appellant.**

**Criminal Nos. 980095 & 980096**

Supreme Court of North Dakota.

Feb. 23, 1999.

Rehearing Denied March 18, 1999.

Robin Huseby, State's Attorney, Valley City, ND, for plaintiff and appellee.

James A. Wentz, Kropp Law Offices, Jamestown, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1.] Kenneth Matt Hughes appealed from a district court judgment of conviction of

possession with intent to deliver a controlled substance and possession of cocaine with intent to distribute. Hughes contends the trial court erred in denying his motion to suppress. We affirm.

[¶ 2.] On June 14, 1996, Deputy Sheriff Kathy Murray applied for a warrant to search Hughes's apartment. A no-knock search warrant was issued to Murray based upon an affidavit she submitted. In the affidavit, Murray stated, "I wish to get a search warrant for one Kenneth Matt Hughes ... as I have reason to believe he is in possession and/or selling drugs such as Marijuana" based on information from a confidential informant, a garbage can search and Hughes's past criminal violations. The affidavit further stated a no-knock warrant was needed because "Nathan Almklov has told me in the past that this 'guy' who is selling from the apt. has a handgun and I do not want any violence in executing this search warrant."

[¶ 3.] The warrant was executed at Hughes's apartment later that day. Murray along with four other law enforcement officers broke open the apartment door with a battering ram. During their search of the apartment, the officers found cash, drug paraphernalia and drugs. Hughes was arrested and charged with possession with intent to deliver a controlled substance and possession of cocaine with intent to distribute. He moved to suppress the evidence seized, arguing the issuance and execution of the no-knock warrant violated his constitutional rights against unreasonable searches and seizures. After a hearing, the trial court concluded there were no exigent circumstances justifying the no-knock warrant, but applied the good-faith exception to the exclusionary rule and denied the motion to suppress. A jury trial was held and Hughes was convicted.

[¶ 4.] On appeal, we will not reverse a trial court's decision to deny a motion to suppress if "after conflicts in testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *E.g. State v. Herrick*, 1997 ND 155, ¶ 7, 567 N.W.2d 336 [*Herrick I*] (quoting *State v. Glaesman*, 545 N.W.2d 178, 181 (N.D.1996)).

[¶ 5.] Hughes argues the use of a no-knock warrant violated his rights against unlawful search and seizure because it was unreasonable under the facts and circumstances in this case. We agree the no-knock warrant was unreasonable because there were no exigent circumstances justifying it. *See, e.g., Herrick I*, at ¶ 23. But, we conclude, under federal precedent, the evidence is admissible under the good-faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Federal precedent controls in this appeal because Hughes has not properly raised or briefed the argument our State Constitution affords greater protection than the Federal Constitution. *Compare State v. Herrick*, 1999 ND 1, ¶ 21, 588 N.W.2d 847 [*Herrick II*] (raising the argument the North Dakota Constitution recognizes greater protections than the federal constitution, and therefore the good-faith exception did not apply to the search warrant issued under state law).

[¶ 6.] Under North Dakota's Controlled Substances Act, N.D.C.C. § 19–03.1–32(3), an officer

authorized to execute a search warrant, without notice of the officer's authority and purpose, may break open an outer or inner door or window of a building, or any part of the building, or anything therein, if the judge or magistrate issuing the warrant has *probable cause to believe that if such notice were to be given the property sought in the case may be easily and quickly destroyed or disposed of, or that danger to the life or limb of the officer or another may result,* and has included in the warrant a direction that the officer executing it is not required to give such notice. Any officers acting under such warrant, as soon as practicable after entering the premises, shall identify themselves and state the pur-

pose of entering the premises and the authority for doing so. (Emphasis added).

This statutory provision corresponds with federal precedent governing no-knock warrants. *See Wilson v. Arkansas,* 514 U.S. 927, 937, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995) (stating where there is a threat of physical violence or possible destruction of evidence, officers may validly execute a no-knock warrant). There is one significant distinction: federal case law requires law enforcement officers have a reasonable suspicion announcing their presence would jeopardize the search to justify the use of a no-knock warrant but warrants issued under N.D.C.C. § 19–03.1–32(3) require officers have "probable cause". *Compare Richards v. Wisconsin,* 520 U.S. 385, 394, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997) (recognizing law enforcement officials must have reasonable suspicion in order for a no-knock warrant to be issued) *with Herrick I,* at ¶ 19 (acknowledging "[p]robable cause is required for issuance of a no-knock warrant under section 19–03.1–32, N.D.C.C.").

■ [¶ 7.] After reviewing Murray's affidavit, we agree with the district court's finding there was no probable cause to issue a no-knock warrant in the present case. No information within the affidavit indicated Murray had reason to believe the drugs sought may be quickly disposed of without a no-knock warrant. Furthermore, Murray's affidavit failed to provide any evidence that knocking and announcing may have placed the officers or others in danger. Although the affidavit stated Hughes owned a handgun, the mere mention of a handgun in Hughes's apartment does not rise to the level of reasonable suspicion, much less probable cause. *See, e.g., United States v. Marts,* 986 F.2d 1216, 1218 (8th Cir.1993) (stating a reasonable belief that firearms may have been within the residence, standing alone, is clearly insufficient to justify excusing the knock and announce requirement).

■ [¶ 8.] Our analysis does not end here. Where a court fails to find probable cause to believe the evidence could easily be destroyed or danger to an officer could result, a motion to suppress may be denied in light of the good-faith exception to the exclusionary rule. *See Leon,* 468 U.S. at 918–21, 104 S.Ct. 3405 (carving out an exception to the general rule that evidence obtained in violation of the Fourth Amendment must be excluded from trial). In *Leon,* the Supreme Court recognized that evidence obtained under a search warrant later found to be invalid need not be suppressed if the officer reasonably relied in good faith on the validity of the warrant. *Id.* The test of objective good faith is "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922 n. 23, 104 S.Ct. 3405. In the present case, we believe Murray relied upon the no-knock warrant in good faith. Although she did not present any information about the potential for rapid destruction of the evidence, her testimony at the suppression hearing indicated she asked for the no-knock warrant because she believed drugs and guns were present. The affidavit also contained tips of drug activity occurring at the defendant's residence and stated evidence of drugs were found in the defendant's garbage. At the time the no-knock search warrant was issued, law enforcement in North Dakota, relying on the precedents of this Court, generally operated under the belief that if drugs were present a no-knock warrant was justifiably obtainable. *See, e.g., State v. Knudson,* 499 N.W.2d 872, 876 (N.D. 1993); *but see Herrick I,* at ¶ 21 (overruling prior North Dakota case law approving a per-se rule in drug cases justifying the issuance of no-knock warrants); *see also Richards,* 520 U.S. at 396, 117 S.Ct. 1416 (holding Fourth Amendment does not permit a blanket exception to the knock and announce rule in drug cases). Under these circumstances, we conclude Murray acted in objectively reasonable reliance upon the no-knock warrant issued to search Hughes's apartment. *See Herrick II,* at ¶ 20 (holding "under federal precedent, the good faith exception to the exclusionary rule would in fact apply to a no-knock warrant issued on a per se basis by a judge or magistrate under N.D.C.C. § 19–

03.1–32(3).") citing *United States v. Moore,* 956 F.2d 843 (8th Cir.1992) (holding evidence obtained in violation of federal knock-and-announce requirements did not have to be excluded because the officers reasonably believed the no-knock warrant complied with the state law and the Fourth Amendment).

[¶ 9.] The evidence illegally seized from Hughes's apartment is admissible. We therefore, affirm Hughes's judgment of conviction.

[¶ 10.] SANDSTROM, NEUMANN and MARING, JJ., concur.

[¶ 11.] The Honorable HERBERT L. MESCHKE, a member of the Court when this case was heard, retired effective October 1, 1998, and did not participate in this decision.

[¶ 12.] The Honorable CAROL RONNING KAPSNER was not a member of the Court when this case was heard and did not participate in this decision.